UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES, #135679,

          Petitioner,

                                        CASE NO. 2:14-CV-10977
v.                                  HON. GEORGE CARAM STEEH

CATHLEEN STODDARD,

          Respondent.

_____/

## <u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Robert Reeves ("petitioner") pleaded guilty to child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and using the computer/internet to commit that crime, MICH. COMP. LAWS § 750.145d(2)(f), in the Oakland County Circuit Court and was sentenced to concurrent terms of six years six months to 20 years imprisonment on those convictions in 2007. In his petition, he raises claims concerning the scoring of the sentencing guidelines, the non-disclosure of evidence, the trial court's subject matter jurisdiction, double jeopardy, and the effectiveness of trial and appellate counsel. For the reasons that follow, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

-1-

## II.     Facts and Procedural History

The petitioner's convictions arise from his sexually explicit internet contact with an undercover officer posing as a 14-year-old girl between August, 2006 and April, 2007. Petitioner was arrested when he arrived to meet the "girl" at a pre-arranged location.

Following his convictions and sentencing, the petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that he was denied the effective assistance of counsel at sentencing because counsel failed to object to the scoring of prior record variable 1 ("PRV 1") of the state sentencing guidelines. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented.  People v. Reeves, No. 283236 (Mich. Ct. App. Feb. 29, 2008) (unpublished). The petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as claims that the non-disclosure of his laptop deprived him of due process and that appellate counsel was ineffective for failing to file a claim of appeal and instead filing a delayed application for leave to appeal.  The Michigan Supreme Court denied leave to appeal in a standard order.  People v. Reeves, 481 Mich. 915, 750 N.W.2d 214 (June 23, 2008).

The petitioner dated his initial federal habeas petition on July 25, 2008.  He raised the following claims:

I.      The non-disclosure of his laptop deprived him of his due process right to a fair trial and amounts to ineffective assistance of counsel.

II.     He was deprived of the effective assistance of counsel at sentencing for the failure of counsel to object to the scoring of the sentencing guidelines, specifically PRV 1, PRV 2.

III.    Ineffective assistance of appellate counsel.

-2-

2:14-cv-10977-GCS-MKM   Doc # 16   Filed 02/12/16   Pg 3 of 19   Pg ID 787

The respondent filed an answer to the petition contending that it should be dismissed on exhaustion grounds. The Court ruled that the petitioner had not properly exhausted his first and third claims and the prior record variable 2 ("PRV 2") portion of his second claim in the state courts and dismissed the petition without prejudice to allow him to return to state court to exhaust those claims. In that dismissal order, issued on August 5, 2010, the Court stated that the time in which the initial habeas petition had been pending in federal court would be equitably tolled. The Court did not retain jurisdiction over the case. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability on March 29, 2011.

On December 1, 2011, the petitioner filed a motion for relief from judgment in the state trial court raising claims concerning the state trial court's jurisdiction, double jeopardy, and the effectiveness of trial and appellate counsel. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3) and on the merits. People v. Reeves, Case No. 07-215044-FH (Oakland Co. Cir. Ct. Nov. 9, 2012). The petitioner filed a delayed application for leave to appeal raising the same claims, and several other motions, with the Michigan Court of Appeals. The court denied leave to appeal because the petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)" and denied the other motions. People v. Reeves, No. 313662 (Mich. Ct. App. Sept. 10, 2013). The petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. People v. Reeves, 495 Mich. 903, 839 N.W.2d 488 (Nov. 25, 2013).

The petitioner dated his present habeas petition on March 1, 2014. In his pleadings, he does not list specific habeas claims, but states that he seeks to raise the claims which he previously raised in the state courts on direct appeal and collateral review, including the

claims he raised in his prior habeas petition.  The respondent has filed an answer to the

present petition contending that it should be dismissed as untimely and/or denied because

the claims are unexhausted, barred by procedural default, and/or lack merit.  The petitioner

has not filed a reply to that answer.

### III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a

set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [that] precedent.'"  Mitchell v. Esparza, 540

U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06

(2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas

court to 'grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court but unreasonably applies that principle to the facts of petitioner's

case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). "When reviewing

state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, _ U.S. _, 135 S. Ct. 1372, 1376 (2015).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." Parker v. Matthews, 567 U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v.

Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.   PRV 1 and Ineffective Assistance of Trial Counsel

The petitioner first asserts that he is entitled to habeas relief because PRV 1 of the state sentencing guidelines was incorrectly scored and trial counsel was ineffective for failing to object.  The respondent contends that this claim lacks merit.

The petitioner raised this claim on direct appeal in the state courts and the Michigan Court of Appeals denied leave to appeal for lack of merit.  The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence  exceeded the statutory limits or is wholly unauthorized by law.  Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  The petitioner makes no such showing.  His sentence is within the statutory maximum and complies with his plea agreement that he would be sentenced within the guideline range.

-7-

Moreover, the petitioner cannot prevail on any claim that the trial court erred in scoring PRV 1. Such a claim is not cognizable on federal habeas review because it is a state law claim. See Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); Cheatham v. Hosey, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); see also McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the prior record variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The petitioner, however, brings his sentencing claim into the realm of federal habeas review by asserting that trial counsel was ineffective for failing to challenge the scoring of PRV 1. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair

-8-

proceeding.  Id.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  Id. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  Id. at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id. at 690.

To satisfy the prejudice prong of Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  Id.  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  McQueen v. Scroggy, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing Strickland, 466 U.S. at 686).

The Supreme Court has confirmed that a federal court's consideration of an ineffective assistance of counsel claim arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  Harrington, 562 U.S. at 105 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

-9-

Id.

In this case, the petitioner cannot show that trial counsel was deficient and/or that he was prejudiced by counsel's conduct because PRV 1 was correctly scored. PRV 1 measures prior high severity felony convictions. See MICH. COMP. LAWS § 777.51. The petitioner was scored at 75 points for having three or more such convictions. The petitioner asserts that certain prior convictions should not have counted because they were more than 10 years old. There is no exclusion under Michigan law for the older convictions, however, because from the first counted conviction to his current offenses, the petitioner did not have a 10-year gap between a discharge date and a subsequent offense commission date that would cut off those prior convictions. See MICH. COMP. LAWS § 777.50. The record indicates that the petitioner was convicted of the state offenses of robbery (probation) and unarmed robbery in 1973 (discharged in 1983), second-degree murder in 1974 (discharged in 1987), carrying a concealed weapon in 1984 (discharged in 1987), and a federal offense of felon in possession of a firearm in 1993 (discharged in 2000) and that he committed the instant offenses in 2007. PRV 1 was thus properly scored and counsel did not err by failing to object. Defense counsel cannot be deemed ineffective for failing to make a futile or meritless objection. See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is not warranted on this claim.

-10-

B.     PRV 2 and Ineffective Assistance of Trial Counsel, Non-Disclosure of Evidence

The petitioner also asserts that he is entitled to habeas relief because PRV 2 of the state sentencing guidelines was incorrectly scored and trial counsel was ineffective for failing to object and because the prosecution failed to disclose evidence from his laptop computer and counsel failed to raise this issue.  The respondent contends that these claims are unexhausted and now procedurally defaulted.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.  Granberry v. Greer, 481 U.S. 129, 131, 134-35

-11-

(1987).  The burden is on the petitioner to prove exhaustion.  <u>Rust</u>, 17 F.3d at 160.

The record reflects that the petitioner has not properly exhausted these claims in the state courts.  He did not raise the non-disclosure of the laptop evidence before the Michigan Court of Appeals on direct appeal and first raised it before the Michigan Supreme Court.  Raising a claim for the first time before the Michigan Supreme Court on discretionary review does not amount to a "fair presentation" of the claim in the state courts for exhaustion purposes.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).  He did not present his ineffective assistance of counsel claims concerning the laptop or the scoring of PRV 2 to the Michigan courts at all on direct appeal and first raised those claims in his initial habeas petition.  He then failed to raise any of these claims in his subsequent state court motion for relief from judgment.  The petitioner thus failed to exhaust these issues in the state courts.

Moreover, he no longer has an available means by which to do so.  Any attempt to file a second motion for relief from judgment would be futile.  Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment.  <u>Gadomski v. Renico</u>, 258 F. App'x 781, 783 (6th Cir. 2007); <u>Hudson v. Martin</u>, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  These unexhausted claims do not fall within the exceptions for filing a second motion at this juncture.

Because the petitioner has not exhausted these claims in the state courts and no longer has an available remedy by which to do so, the claims are now defaulted.  When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted those claims for

-12-

purposes of federal habeas review.  See Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules.  Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977).  A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Nields v. Bradshaw, 482 F.3d 442 (6th Cir. 2007); Gravley v. Mills, 87 F.3d 779, 784-85 (6th Cir. 1996).

The petitioner neither alleges nor establishes cause to excuse this procedural default.  Any deficiencies by appellate counsel relative to direct appeal are immaterial because the petitioner could have still properly exhausted these claims on collateral review in the state courts.  A prisoner's *pro se* status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default.  Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995); Robertson v. Abramajtys, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).  A court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default.  Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).[1]

---

[1]Nonetheless the Court notes that these claims lack merit.  As with PRV 1, PRV 2 was properly scored at 10 points under state law.  See discussion supra.  No Brady violation occurred because "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."  United States v. Ruiz, 536 U.S. 622, 633 (2002).  The petitioner thus cannot show that counsel was ineffective under Strickland as to such matters.

Lastly, the petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  Murray v. Carrier, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Actual innocence means factual innocence, not mere legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998).  The petitioner makes no such showing.  To be sure, the record indicates that he pleaded guilty to the offenses.  These claims are thus barred by procedural default and do not warrant habeas relief.[2]

C.    Jurisdiction, Double Jeopardy, Ineffective Assistance of Trial and Appellate Counsel

The petitioner also raises additional claims concerning the state trial court's jurisdiction, his right to be free from double jeopardy, and the effectiveness of trial and appellate counsel in his pleadings.  The respondent contends that these claims are procedural defaulted and/or lack merit.  The petitioner first raised these issues in the state courts on collateral review and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).

As noted, federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  Wainwright,

---

[2]The Court notes that the petitioner may be attempting to raise new issues in his current habeas petition by asserting that he was subject to racial profiling, that his First Amendment rights were violated, and that he was coerced into the plea bargain.  Any such claims, however, have also not been exhausted in the state courts, are now procedurally defaulted (and untimely), and do not warrant habeas relief.

433 U.S. at 85-87.  The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); see also Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005); Coleman v. Mitchell, 244 F.3d 533, 539 (6th Cir. 2001).  The last explained state court judgment should be used to make this determination.  Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion.  Id.

The petitioner first presented these claims to the state courts in his motion for relief from judgment.  The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.  See MICH. CT. R. 6.508(D)(3).  The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits.  Guilmette v. Howes, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc).  Consequently, under Guilmette, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court denied relief on procedural grounds by ruling that the petitioner had not shown cause and prejudice under Michigan Court Rule 6.508(D)(3)

for his failure to raise the claims on direct appeal, and also determined that the claims lacked merit.  The state courts thus clearly relied upon a procedural default to deny relief on these claims.  Accordingly, the claims are procedurally defaulted.

As noted, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750-51; Gravley, 87 F.3d at 784-85.

The petitioner asserts ineffective assistance of appellate counsel as cause to excuse his default.  In order to establish ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687; O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).  In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance .... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.  Judicial scrutiny of counsel's performance is thus "highly deferential."  Id. at 689.  The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  Jones v. Barnes, 463 U.S. 745, 751 (1983).  The Supreme Court has explained:

-16-

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Barnes, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal.  Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

The petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance.  None of these defaulted claims are "dead-bang winners" as evidenced by the state trial court's ruling, in the alternative, that the claims raised in the motion for relief from judgment lacked merit.  Moreover, even if it could be said that appellate counsel erred, the petitioner cannot show that he was prejudiced by counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the

-17-

defaulted claims lack merit for the reasons set forth by the state trial court.[3]

Lastly, as previously discussed, the petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. See Murray, 477 U.S. at 479-80; see also Bousley, 523 U.S. at 623; Schlup, 513 U.S. at 324. The underlying jurisdiction, double jeopardy, and related ineffective assistance of trial counsel claims are thus barred by procedural default and lack merit. The ineffective assistance of appellate counsel claim, while not itself procedurally defaulted, nonetheless lacks merit given that the underlying claims lack merit. Habeas relief is not warranted on these claims.

## V.    Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.[4]

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial

---

[3]The state trial court's jurisdictional ruling is binding and state law jurisdictional issues are not cognizable upon habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam) ("A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."). The double jeopardy claim lacks merit because each offense contains an element that the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Given that the underlying claims lack merit, the petitioner also fails to establish that counsel was ineffective under Strickland, supra.

[4]Given this determination, the Court need not address the timeliness of the habeas petition.

of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

Having considered the matter, the Court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural rulings. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

Dated: February 12, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 12, 2016, by electronic and/or ordinary mail and also
on Robert Reeves, 19347 Westphalia, Detroit, MI 48205.

s/Barbara Radke
Deputy Clerk

---