UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES, #135679,

        Petitioner,

                            CASE NO. 2:14-CV-10977
v.                             HON. GEORGE CARAM STEEH

CATHLEEN STODDARD,

        Respondent.
                                    /

## OPINION AND ORDER AFTER REMAND DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, BUT GRANTING A CERTIFICATE OF APPEALABILITY

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on remand from the United States Court of Appeals for the Sixth Circuit for further consideration of the petitioner's claim that his convictions and sentences for both child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and using the computer/internet to commit that crime, MICH. COMP. LAWS § 750.145d(2)(f), violate the Double Jeopardy Clause. Reeves v. Campbell, 708 F. App'x 230 (6th Cir. 2017). The Sixth Circuit found that the petitioner's two offenses constitute the same statutory offense under the

-1-

Double Jeopardy Clause because the lesser included offense, MICH. COMP. LAWS § 750.145c, requires no proof beyond that which is required for conviction of the greater offense, MICH. COMP. LAWS § 750.145d. Id. at 240 (citing Brown v. Ohio, 432 U.S. 161 (1977), and Blockburger v. United States, 284 U.S. 299 (1932)). The Sixth Circuit concluded that the Michigan Court of Appeals' rejection of the double jeopardy claim on the merits was thus contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court precedent. Id. at 241. The Sixth Circuit then determined that the respondent forfeited arguments that the Michigan Legislature authorized cumulative punishments and/or that the petitioner committed multiple criminal acts supporting the convictions on appeal by failing to raise them in district court and remanded the case for the parties to brief the two new arguments and for this Court to address whether the Michigan Legislature authorized cumulative punishments for the offenses at issue and whether the petitioner committed multiple criminal acts thereby permitting multiple punishments. Id. at 241-42.[1]

---

[1] The Sixth Circuit only granted a certificate of appealability on the double jeopardy claim, including whether it was procedurally defaulted and whether the default was excused by appellate counsel's failure to raise the claim on direct appeal. The Sixth Circuit ruled that the claim was procedurally defaulted but that the ineffective assistance of appellate counsel excused the default.

The petitioner, who is represented by counsel on remand, was discharged from state custody on April 2, 2016 while the case was pending before the Sixth Circuit. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2.aspx?mdocNumber=135679. The parties have submitted supplemental briefing on the issues before the Court on remand.[2]

## II.   Discussion

### A.   Forfeiture

As an initial matter, the petitioner asserts that the respondent has forfeited the two defenses before the Court on remand by failing to previously raise them. The Court disagrees. First, the Sixth Circuit explicitly remanded the case to this Court for further consideration of those defenses. Had the Sixth Circuit believed them to be forfeited before the district court (not just for purposes of the appeal because they had not been previously raised), the Sixth Circuit would have just issued a final

---

[2]Because the Sixth Circuit only granted a certificate of appealability on the double jeopardy claim, the Court need not re-address the other unrelated claims raised in the habeas petition. The Court hereby adopts and incorporates its prior opinion denying relief on those other unrelated habeas claims.

ruling on the double jeopardy claim without ordering a remand for further review.

Second, while a party may forfeit a claim or a defense by failing to raise it in a timely manner, such a drastic measure is not required and the Court has discretion to consider issues that are essential to the proper resolution of a case. See, e.g., Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition" - even when the State fails to raise the issue); Granberry v. Greer, 481 U.S. 129, 133 (1987) (stating that an appellate court "is not required to dismiss for nonexhaustion notwithstanding the State's failure to raise it, and the court is not obligated to regard the State's omission as an absolute waiver of the claim"); see also Wood v. Milyard, 566 U.S. 463, 466 (2012) ("Our precedent establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition.").

Third, the petitioner is not entitled to habeas relief because the respondent failed to previously raise the defenses at issue on remand. It is well-established that a default judgment is unavailable in a habeas proceeding under 28 U.S.C. § 2254 based upon the State's failure to

respond to the petition. See Allen v. Perini, 424 F.2d 134, 138 (6th Cir.1970); Alder v. Burt, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003); accord Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Aziz v. Leferve, 830 F.2d 184, 197 (11th Cir. 1987); Lemmons v. O'Sullivan, 54 F.2d 357, 364-65 (7th Cir. 1985). The petitioner bears the burden of establishing that he is being held in violation of his constitutional rights and is entitled to federal habeas relief. See Williams v. Taylor, 529 U.S. 362 (2000); Perini, 424 F.2d at 138; Bradford v. Romanowski, No. 2:05-CV-72889, 2012 WL 441140, *9 (E.D. Mich. Feb. 10, 2012). Accordingly, the Court shall proceed to address the merits of the issues before the Court on remand.[3]

**B.    Merits**

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a

---

[3]The parties also discuss the appropriate standard of review for consideration of the double jeopardy claim on remand. The Court need not address this issue, however, given that it would reach the same result under a deferential or a de novo standard of review.

second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." Shiro v. Farley, 510 U.S. 222, 229 (1994) (citing United States v. Wilson, 420 U.S. 332, 339 (1975)).

In the context of multiple punishments, however, the Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses. As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, "even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them." Brimmage v. Sumner, 793 F.2d 1014, 1015 (9th Cir. 1986). When "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative

punishment under such statutes in a single trial." Missouri v. Hunter, 459 U.S. 359, 368-69 (1983). In determining whether the a state legislature intended to authorize separate, cumulative punishments under the circumstances presented, the Court "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments." Brimmage, 793 F.2d at 1015; see also Hunter, 459 U.S. at 368.

Under Michigan law, the intent of the Legislature is determined first by the words of the statute itself. The Michigan Supreme Court has explained:

> When interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.

Kemp v. Farm Bureau Gen. Ins. Co. of Mich., 500 Mich. 245, 901 N.W.2d 534, 538-39 (Mich. 2017) (quotations and citation footnotes omitted); see also Driver v. Naini, 490 Mich. 239, 802 N.W.2d 311, 316 (2011) ("Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning.").

In this case, the Michigan Legislature has expressed an intent for

multiple punishments for the two offenses. The petitioner pleaded guilty to child sexually abusive material or activity in violation of MICH. COMP. LAWS § 750.145c(2), and using the computer/internet to commit that crime in violation of MICH. COMP. LAWS § 750.145d. The latter statute specifically provides that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law committed by that person while violating or attempting to violate this section, including the underlying offense." MICH. COMP. LAWS § 750.145d(4). The next section of that statute provides that [t]his section applies regardless of whether the person is convicted of committing, attempting to commit, conspiring to commit, or soliciting another person to commit the underlying offense." MICH. COMP. LAWS § 750.145d(5). Additionally, the statute provides that the court "may order a term of imprisonment under this section to be served consecutively to any term of imprisonment imposed for conviction of the underlying offense." MICH. COMP. LAWS § 750.145d(3). The statutory language thus makes clear that it was the intent of the Michigan Legislature to authorize multiple punishments for the petitioner's two offenses. Consequently, it cannot be said that the petitioner's convictions for both child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and using the computer/internet to commit that crime, MICH. COMP. LAWS §

750.145d(2)(f), violate double jeopardy principles.

Both parties acknowledge that the Michigan courts have not addressed the double jeopardy issue or legislative intent with respect to the statutory provisions involved in this case. The lack of state case law on the issue, however, is not dispositive because the statutory language is clear and expresses the Michigan Legislature's intent to authorize multiple punishments for the two offenses. When the statutory language is unambiguous, a court's inquiry "both begins and ends with the text itself." United States v. Bedford, _ F.3d _, 2019 WL 286918, *3 (6th Cir. Jan. 23, 2019) (citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240-41 (1989)); United States v. Jackson, 635 F.3d 205, 209 (6th Cir. 2011); see also Kemp, 901 N.W.2d at 538-39 . To be sure, the lack of case law on this issue is unsurprising given the clear statutory language.

The petitioner asserts that the foregoing statutory language authorizing multiple punishments violates the Michigan Constitution and is thus invalid under Michigan law. The petitioner cites People v. Smith, 478 Mich. 292, 733 N.W.2d 351 (2007), and a Montana state law case, in support of this argument. To the extent that the petitioner asserts that the language authorizing multiple punishments violates the Michigan Constitution, he is not entitled to relief. Such a claim is not cognizable on

federal habeas review because it is a state law claim. See Austin v. Jackson, 213 F.3d 298, 300 (6th Cir.2000). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir.1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.2002). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The petitioner thus fails to state a claim upon which relief may be granted as to any such claim.

Moreover, the petitioner's reliance upon Smith is misplaced. In Smith, the Michigan Supreme Court held that the "same elements" test set forth in Blockburger applies in the context of multiple punishments as it does in the case of successive prosecutions under the Michigan Constitution, overruling People v. Robideau 419 Mich. 458, 355 N.W.2d 592 (1984), and held that the defendant's convictions for first-degree felony murder and a non-predicate armed robbery passed the same elements test and did not violate double jeopardy principles under state or federal law. Smith, 733 N.W.2d at 363-65. The petitioner cites the Michigan Supreme Court's language in Smith that the ratifiers of the Michigan Constitution intended that Michigan's double jeopardy provision "be construed

consistently with then-existing Michigan case law and with the interpretation given to the Fifth Amendment by federal courts at the time of ratification," id. at 363-64, to argue that the legislative intent analysis of Missouri v. Hunter, 459 U.S. 359 (1983), is inapplicable under Michigan law such that the Michigan Legislature cannot authorize multiple punishments. This is a misreading of Smith. The Michigan Supreme Court in Smith went on to explain that in interpreting "same offense" in the context of multiple punishments, courts must first determine whether the legislature expressed a clear intention that multiple punishments be imposed and that, if the legislature has not clearly expressed such an intent, then the courts should apply the "same elements" test of Blockburger to determine whether multiple punishments are permitted. Id. at 316 (citing Missouri v. Hunter, 459 U.S. 359, 368 (1983), and Wayne Co. Prosecutor v. Recorder's Ct. Judge, 406 Mich. 374, 280 N.W.2d 793 (1979)). The Michigan Supreme Court has since clearly indicated that the multiple punishments strand of the double jeopardy clauses of the Michigan and United States Constitutions are "designed to ensure that the courts confine their sentences to the limits established by the legislature," act as a restraint on the prosecutor and the courts, and are not violated when a legislature specifically authorizes cumulative punishments under two statutes. See

People v. Miller, 498 Mich. 13, 869 N.W.2d 204, 208-09 (2015) (citing Missouri, Smith, and additional cases); see also People v. Moore, No. 332554, 2017 WL 4077514, *1 (Mich. Ct. App. Sept. 14, 2017) (unpublished case citing Smith); People v. Tyler, No. 276769, 2008 WL 2917631, *4-5 (Mich. Ct. App. July 29, 2008) (rejecting similar Smith-based argument, stating that the "legislative intent" concept has long existed, and citing Albrecht v. United States, 273 U.S. 1, 11 (1927)).

Lastly, the Court is not persuaded by the reasoning of the Montana Supreme Court in State v. Guillaume, 975 P.2d 312 (Mont. 1999), discussing Montana law, given the foregoing discussion of Michigan law. The Montana Supreme Court has also limited the scope of Guillaume to cases involving additional punishment mandated by the use of a weapon. See, e.g., State v. Anderson, 32 P.2d 750, 753 (Mont. 2001); State v. Park, 30 P.2d 1062, 1064 (2001). The petitioner fails to establish that the statutory language authorizing multiple punishments for his offenses is invalid under state or federal law. The petitioner's convictions and sentences for both child sexually abusive activity and using the internet/computer to commit that crime are authorized by the Michigan Legislature and thus do not violate the Double Jeopardy Clause.

Given this determination, the Court need not address the second

issue on remand as to whether the petitioner committed multiple criminal acts thereby permitting multiple punishments. Nonetheless, in the spirit of completeness and complying with the remand order, the Court shall briefly address the issue.

The child sexually abusive activity statute provides, in relevant part, that a person is guilty of a felony if he or she "attempts or prepares or conspires to arrange for, produce, make, copy, reproduce, or finance any child sexually abusive activity..." MICH. COMP. LAWS § 750.145c(2). The internet/computer statute provides that a person is guilty of a felony if he or she uses the internet or computer to commit that crime. MICH. COMP. LAWS § 750.145d(1), (2)(f), The record in this case indicates that the petitioner committed multiple criminal acts permitting multiple punishments under those statutes. At the plea hearing, the petitioner admitted to using the internet between August 23, 2006 and April 29, 2007 to communicate with a person who he believed was a 14-year-old girl (turning 15 years old) to arrange a meeting with her to engage in sexual activity. The petitioner also admitted to arriving at a location in Novi, Michigan on April 29, 2007 to meet with her to engage in sexual activity. See 10/10/07 Plea Hrg. Tr., p. 17. This shows that the petitioner used the computer for a series of communications to arrange to meet with the perceived underage girl for

sexual activity so as to justify his conviction under MICH. COMP. LAWS § 750.145d(2)(f), and that he then committed a separate act of traveling in person to meet her in order to produce or make the sexual activity occur, which did not require the use of a computer, so as to justify his conviction under MICH. COMP. LAWS § 750.145c(2).

The Court recognizes that the petitioner's plea form (signed by the petitioner and defense counsel only) is somewhat inconsistent with the factual basis provided at the plea hearing because the form states that the petitioner "contacted a person [he] believed to be 14 years old to have sex with [her] and used the computer." This inconsistency, however, does not change the fact that the petitioner engaged in multiple acts to arrange to meet with the perceived underage girl for sexual activity – with the use of a computer – and then engaged in one act to meet her to make that sexual activity happen – without the use of a computer – as set forth in his plea on the record before the trial court. The petitioner's statements in response to counsel's questions on the record were accepted as the factual basis for his plea to the two charges.[4] It is well-established that "the representations of a defendant [and] his lawyer [at a plea hearing] ... constitute a formidable

---

[4]The Court notes that the plea form also inconsistently states that the petitioner is pleading guilty to "child sexually abusive activity" despite the fact that he clearly pleaded guilty to both charges.

barrier in any subsequent collateral proceedings," and [s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The record thus indicates that the petitioner pleaded guilty to multiple acts which formed the bases for his convictions. The petitioner's convictions for child sexually abusive material or activity, MICH. COMP. LAWS § 750.145c(2), and using the computer/internet to commit that crime, MICH. COMP. LAWS § 750.145d(2)(f), thus do not violate the Double Jeopardy Clause.[5] Habeas relief is not warranted.

## III. Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on his double jeopardy claim (or the other unrelated claims raised in his habeas petition). Accordingly, the Court **DENIES** relief on the double jeopardy claim and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P.

---

[5]The Court notes that the multiple acts issue is a close one given the state court record. Nonetheless, even if the Court were to find that the petitioner did not engage in multiple acts, it would still conclude that his convictions do not violate double jeopardy principles based upon the statutory language authorizing multiple punishments.

22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id.

While the Court believes that it has reached the right result in this case on remand, reasonable minds could find the Court's ruling on the double jeopardy claim debatable such that the petitioner makes a substantial showing of the denial of a constitutional right as to that claim.  Accordingly, the Court **GRANTS** a certificate of appealability on the double jeopardy claim.  The petitioner fails to make a substantial showing of the denial of a constitutional right as to the previously-decided, unrelated habeas claims in his petition and reasonable jurists could not debate the

correctness of the Court's procedural ruling as to those claims.

Accordingly, the Court **DENIES** a certificate of appealability as to those previously-decided, unrelated habeas claims. This case is closed.

**IT IS SO ORDERED**.

Dated: February 21, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---